### KRIDEL et al. v. BRUKENFELD.

(Supreme Court, Appellate Term, First Department.  June 18, 1914.)

SALES (§ 29*)—CONTRACTS AND MEMORANDUM—CONSTRUCTION.

 An unsigned memorandum, made by plaintiff's salesman, in which the goods sold were enumerated, was not a contract, or a confirmation of an order, legally binding on any one.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 56; Dec. Dig. § 29.*]

Appeal from City Court of New York, Trial Term.

Action by Alexander H. Kridel and others against Morris Brukenfeld. Judgment for defendants, and plaintiffs appeal. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

Eugene L. Bondy, of New York City, for appellants.

Kaufman & Gisnet, of New York City (Michael Kaufman, of New York City, of counsel), for respondent.

PER CURIAM. Plaintiff sued for the purchase price of two lots of goods delivered to defendant. The defense consisted of the claim that these goods were part of one order, of which two other lots, not delivered, formed an intrinsic part. That was substantially the one issue litigated.

There was introduced in evidence by defendant an unsigned memorandum, as its Exhibit 1, made by plaintiffs' salesman on a piece of paper, in which all four lots were enumerated. After having retired to deliberate, the jury asked, "Is defendant's Exhibit 1 a contract in itself?" to which the court replied, "No." Later the jury asked, "We wish to know whether this order slip, marked 'Exhibit 1,' is a confirmation of an order, and is it legally binding on both parties concerned?" to which the court replied, "Yes." To such reply, plaintiffs' counsel excepted.

It is perfectly clear that Exhibit 1 was a mere private memorandum, which was, as the court had correctly charged, not a contract, and equally it was not a confirmation of an order, and was not legally binding on any one. The error related to a vital point in the controversy, and was practically determinative of the issue.

Judgment reversed, and new trial granted, with costs to appellants to abide the event.